QUESTIONS:
1. Is a municipality entitled to fines and forfeitures collected in county courts in cases involving violations of municipal ordinances if the municipal court has not been abolished?
2. May the county assess an additional one dollar cost under s. 23.105, F.S., against a person convicted in county court of violating a municipal ordinance following the abolition of the municipal court?
SUMMARY:
A municipality is entitled to all fines and forfeitures (except those earmarked for another purpose under s. 23.103, F.S.) imposed by a county court for violation of municipal ordinances, only if that municipality has abolished its municipal court.
A county may not assess an additional one-dollar cost under s. 23.105, F.S., against persons convicted in county court of violating municipal ordinances.
AS TO QUESTION 1:
Your first question has been answered to a substantial degree by AGO 073-201. That decision held that a municipality is not entitled to the fines and forfeitures received in a county court from the trial of an offense transferred from a municipal court to the county court for jury trial in accordance with s. 932.61, F. S. It was also ruled in AGO 073-202 that a municipality which has not abolished its municipal court is not entitled under s. 316.0261, F.S., to receive the fines and forfeitures resulting from the trial in the county court of violations of the Uniform Traffic Code committed within the municipality's territorial limits.
The reasoning of the aforementioned opinions is applicable here, and leads to the general proposition that a municipality is entitled, under s. 34.191, F.S., to all fines and forfeitures (except those earmarked for another purpose by s. 23.103, F.S.) imposed by a county court for violation of municipal ordinances, only if that municipality has abolished its municipal court.
Your first question is answered in the negative.
AS TO QUESTION 2:
Section 23.103, F.S., provides as follows:
"Every court created by the state constitution or by legislative act shall assess $1.00 as a court cost against every person convicted for violation of a state penal or criminal statute or convicted for violation of a municipal or county ordinance. In addition, $1.00 from every bond estreature or forfeited bail bond related to such penal statutes or penal ordinances shall be forwarded to the state treasurer as hereinafter described. However, no such assessment shall be made against any person convicted for violation of any state statute, municipal ordinance or county ordinance relating to the parking of vehicles. All such costs collected by the aforesaid courts shall be deposited in the state treasury to the credit of the general revenue fund in the manner prescribed by rules promulgated by the head of the department of law enforcement upon recommendation of the executive director."
Section 23.105, F.S., provides as follows:
"Municipalities and counties may assess an additional $1.00, as aforesaid, for law enforcement education expenditures for their respective law enforcement officers."
The one-dollar assessment imposed by the county court pursuant to s. 23.103 is mandatory and is paid over to the state for state law enforcement purposes.
Prior to the revision of our judicial system under Art. V., State Const., the additional one-dollar cost allowed by s. 23.105, supra, for municipal law enforcement education was generally assessed in municipal court, where violations of municipal ordinances were tried. Now, however, when a municipal court has been phased out and municipal ordinance violations must be tried in the county court, that court must assess this additional cost, if authorized by municipal ordinance. The fact that violations of municipal ordinances are now tried in county court (when the municipal court has been abolished) does not alter the rights and responsibilities of the municipality or the county with respect to the additional one-dollar cost allowed to each of them under s. 23.105. Cf. AGO's 072-259, 073-11, and 073-81. Thus, as was the situation prior to the phasing out of the municipal court, the county may still assess an additional dollar under s. 23.105 only against persons convicted of violating a penal statute or penal county ordinance involving an offense not relating to the parking of vehicles. Attorney General Opinion 072-195.
Your second question is answered in the negative.